UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

KEYEWANIE BLACKLEDGE,

                Defendant.

13-CR-414 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

On April 28, 2015, this Court sentenced defendant Keyewanie Blackledge to 120 months of incarceration after he pleaded guilty to conspiracy to distribute and possess with intent to distribute twenty-eight grams or more of cocaine base and possessing a firearm during and in relation to a drug-trafficking offense in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 21 U.S.C. § 924(c). (J., ECF No. 586.) He is currently serving his sentence at the Federal Correctional Institution in Mendota, California ("FCI Mendota").

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a court to grant a sentence reduction upon a defendant's motion if "extraordinary and compelling reasons" exist to do so. 18 U.S.C. § 3582(c)(1)(A).[1] The Court thus turns to whether "extraordinary and compelling reasons" warrant granting Blackledge's motion for compassionate release.

Courts have recognized that the risks of COVID-19 infection for defendants with pre-existing health conditions can provide "extraordinary and compelling reasons" for a sentence reduction. *See, e.g., United States v. Graham*, No. 16-CR-786-02, 2020 WL 5604050, at *3 (S.D.N.Y. Sept. 17, 2020); *United States v. Zukerman*, 451 F. Supp. 3d 329, 334-35 (S.D.N.Y. 2020). However, Blackledge acknowledges he "does not currently suffer from any underlying medical conditions recognized as co-morbidities for COVID-19." (Def.'s Mot. at 2, ECF No. 744.) Instead, Blackledge cites the impact of the COVID-19 pandemic on prisoners at FCI Mendota and his rehabilitative efforts while in custody as "extraordinary and compelling reasons" warranting compassionate release. (Def.'s Mot. at 2-3, 6-9, ECF No. 744.)

The impact of the COVID-19 pandemic on prisoners does not itself constitute an "extraordinary and compelling reason" for reducing Blackledge's sentence. Courts in this district have rejected arguments based only on a defendant's "status as an inmate during the COVID-19

---

[1] 18 U.S.C. § 3582(c)(1)(A) provides that a court may grant a defendant's motion for compassionate release if the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Blackledge avers he requested compassionate release from the Bureau of Prisons and that they have, "for well over 30 days," failed to respond to his request. (Def.'s Mot. at 2 n.1, ECF No. 744.)

pandemic and generalizations concerning the spread of COVID-19 in federal detention centers across the country." *United States v. Kaba*, No. 19-CR-242, 2020 WL 2520807, at *3 (S.D.N.Y. May 18, 2020). Moreover, Blackledge's facility, FCI Mendota, currently has only eight active COVID-19 cases out of the 408 inmates who have been tested for COVID-19. *See COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated Dec. 17, 2020). In light of the limited number of infections at FCI Mendota and Blackledge's lack of underlying health conditions, the impact of COVID-19 on prisoners at Mendota does not suffice as an "extraordinary and compelling reason" warranting Blackledge's release.

Blackledge also provides evidence of his commendable educational endeavors while incarcerated as well as his "limited disciplinary record" to support his claim that "extraordinary and compelling reasons" warrant a sentence reduction in his case. (Def.'s Mot. at 10, ECF No. 744.) The Court acknowledges that "rehabilitation is relevant to whether there are extraordinary and compelling reasons for a sentence reduction." *United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020). However, considering the fact that Blackledge has been involved in numerous disciplinary incidents while incarcerated and considering the seriousness of Blackledge's crimes—he shot multiple people in furtherance of a narcotics conspiracy carried out by the Burnside Money Getters Gang—the Court finds that Blackledge's rehabilitative efforts do not warrant granting his motion for compassionate release. *See* PSR ¶ 8-72; Def.'s Mot. Ex. E.

Accordingly, IT IS HEREBY ORDERED that Blackledge's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied. The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Keyewanie Blackledge, FCI Mendota, Federal Correctional Institution, P.O. Box 9, Mendota, CA 93640.

Dated:   New York, New York
        December 18, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.